## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV425-025 |
| TERMINAL INVESTMENT CORPORATION, D/B/A TICO, and TINA MUNN, individually and as the court appointed personal administrator of the Estate of Richard Benjamin Jordan, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Plaintiffs Travelers Indemnity Company of America ("Travelers"),

The Phoenix Insurance Company ("Phoenix"), and Travelers Property

Casualty Company of America ("Travelers Property") filed a Petition for

Declaratory Judgment against Defendants Terminal Investment

Corporation, d/b/a TICO ("TICO"), and Tina Munn, individually and as

the court-appointed personal administrator of the Estate of Richard

Benjamin Jordan ("Munn"), to "determine and resolve questions of actual

controversy involving insurance policies that were issued to Fuji Vegetable Oil, Inc." ("Fuji").  Doc. 1; *id*. at 3.  Defendant Munn previously sought to add Fuji as a party pursuant to Federal Rules of Civil Procedure 19 and 20.  Doc. 19.  The motion was denied.  Doc. 23.  Now, non-party Fuji has moved to intervene.  Doc. 26.  The Defendants consent to Fuji's intervention.  *Id.* at 2.  However, Plaintiffs, jointly, oppose the motion, doc. 27, and Fuji has replied to that opposition, doc. 31.  The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636 and is ripe for disposition.

## Background

As the Court's prior Order recounts, doc. 23 at 2-4, this declaratory judgment action involves insurance coverage disputes related to a lawsuit filed by Defendant Munn in the State Court of Fulton County, Georgia (the "Underlying Lawsuit").  *See generally* doc. 1; *see also* doc. 1-1.  Munn's Complaint, filed against TICO and others (but, as relevant here, not Fuji), arises from an accident where Munn's decedent, Richard Benjamin Jordan ("Jordan"), was a Fuji employee operating a TICO "Yard Truck."  Doc. 1 at 3.  According to that Complaint, "Fuji and TICO entered into a written agreement where TICO agreed to provide tractors

that it manufactured, owned, and maintained to Fuji for its use in its food oil processing/manufacturing operations at the Georgia Port." *Id.* at 4. Fuji explains that as part of this rental agreement it agreed to procure general liability coverage for the two tractors, known as "jockey trucks," and identify TICO as an additional insured on the insurance policy. Doc. 26 at 2. The rental agreement also includes an indemnification provision. *Id.*

The Underlying Lawsuit alleges that TICO negligently manufactured and designed the Yard Truck, knew or reasonably should have known of the defects in the Yard Truck, intentionally and negligently failed to warn either Fuji or its employee, Jordan, of the defective and poorly maintained Yard Truck, negligently maintained, modified, and replaced the controls for the Yard Truck, negligently provided an unsafe Yard Truck for Jordan's use, and failed to fix or repair problems with the Yard Truck. *See* doc. 23 at 2-3 (citing doc. 1 at 4). After TICO was served with the Underlying Lawsuit it tendered its defense and indemnity to Fuji. Doc. 1 at 5. Fuji tendered TICO's defense and indemnity to Travelers, and Travelers hired counsel to defend TICO,

with a reservation of rights, under a commercial general liability policy it issued to Fuji. *Id.* at 5, 6.

The Petition for Declaratory Judgment identifies three insurance policies issued to Fuji, including the commercial general liability policy issued by Travelers, a commercial automobile policy issued by Phoenix, and an excess/umbrella policy issued by Travelers Property. *See* doc. 1 at 6-16. Plaintiffs allege they have no duty to defend or indemnify TICO in the underlying lawsuit under any of the three policies, *see id.* at 17-21, and therefore no duty to pay any judgment Defendant Munn, the plaintiff in the Underlying Lawsuit, might obtain, *id.* at 20. Plaintiffs also allege that there is no uninsured motorist coverage available under the commercial automobile liability policy. *Id.* at 21-22. Defendants have answered, *see* docs. 8 & 9, and the parties are engaged in discovery, *see* doc. 18. Now, non-party Fuji seeks leave to intervene as a defendant under Federal Rule of Civil Procedure 24. Doc. 26.

## Analysis

Fuji first seeks intervention as a matter of right under Rule 24(a)(2). Doc. 26 at 3-6. A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) its application to intervene is timely;

(2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *see also Worlds v. Dep't of Health and Rehab. Srvs., Fla.*, 929 F.2d 591, 593 (11th Cir. 1991). If the party seeking intervention establishes each of these four requirements, the Court "must" allow it to intervene. *Chiles*, 865 F.2d at 1213.

Fuji argues its Motion is timely because it only learned of the existence of Plaintiffs' Petition for Declaratory Judgment on August 1, 2025, and filed the Motion less than two months later, and "less than two weeks after TICO demanded indemnification in the event the plaintiffs succeed." Doc. 26 at 4. It also points to the procedural posture of this case, with discovery in relatively early stages at the time the Motion was filed on October 6, 2025. *Id.*; *see also* doc. 18 at 2 (Scheduling Order). Plaintiffs do not dispute the timeliness of the Motion, conditioned on Fuji, if they are permitted to intervene, not seeking to extend discovery. Doc. 27 at 4, n. 2. Despite the conditional nature of Plaintiffs' position, the

Court finds that Fuji's Motion is timely. *See Chiles*, 865 F.2d at 1213 (discussing factors to be considered in determining whether a motion to intervene is timely, including the length of time the intervening party "knew or reasonably should have known of their interest in the case" and "the extent of prejudice to the existing parties" should the motion be granted).

As for the second element, to show a sufficient interest in the subject matter of this action, Fuji must show that it has a "direct, substantial, and legally protectable" interest in the proceeding. *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quotation marks and citation omitted). An interest justifying intervention must be one "which the substantive law recognizes as belonging to or being owned by [Fuji]." *Id.* (quotation marks, citation, and emphasis omitted). While the interest must relate to the property or transaction underlying the action, *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006) (quotation and emphasis omitted), the legal nature of that interest need not be identical to the claims raised in the action, *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1251 (11th Cir. 2002).

Fuji argues that as "a party to a set of contracts with the plaintiffs and TICO which are impacted by this litigation" satisfies this second element.  Doc. 26 at 4.  Additionally, it points to its exposure to an indemnification claim from TICO should the plaintiff in the Underlying Lawsuit ultimately succeed on the claims asserted.  *Id.*; *see also* doc. 26-3 (Renewed Tender of Defense and Indemnity from TICO to Fuji dated September 9, 2025, and referencing the existence of this Declaratory Judgment action).  It compares itself to an insurer "whose coverage may be triggered in the even[t] the primary insurer succeeds in withdrawing coverage," arguing other district courts within the Eleventh Circuit have found these secondary insurers' interest in the litigation sufficient to justify intervention.  Doc. 31 at 3.

Fuji is correct that courts considering the issue have permitted a secondary insurer to intervene in a primary insurer's declaratory judgment action.  For example, in *Berkley Regional Specialty Insurance Company v. Belle Chase, LLC*, 2018 WL 6167951 (N.D. Ga. Apr. 19, 2018), Great American Insurance Company sought to intervene in another insurer, Berkley Regional Specialty Insurance Company's declaratory judgment action.  Much like the Plaintiffs here, Berkley

petitioned for a declaratory judgment that it was not obligated to defend or indemnify a party in connection with an underlying state court lawsuit.  *Id.* at *1.  Great American had issued an umbrella insurance policy to the same insured and contended that its coverage obligations were tied to the coverage afforded by Berkley's policies.  *Id.*  Therefore, it sought to intervene, and argued it had a sufficient interest "[b]ecause it issued a policy that potentially covers the incident at issue in the Underlying Lawsuit." *Id.* at *2.  The Northern District of Georgia agreed, finding Great American had an interest in the pending litigation between Berkley and its insured sufficient to satisfy Rule 24(a)(2).  *Id.* (citing *Lancer Insurance Company v. Hitts*, 2010 WL 2867836, at *2 (M.D. Ga. July 20, 2010)).

The Northern District of Georgia reached a similar result in *Citizens Insurance Company of America v. Banyan Tree Management, LLC*, 2020 WL 5028322, at *2 (N.D. Ga. Mar. 31, 2020), finding Westfield Insurance Company had a sufficient interest to justify intervention in Citizens Insurance Company's declaratory judgment action, since it issued insurance policies to an underlying tort defendant that provided excess coverage over other collectible insurance.  Westfield argued it had

no duty to defend under its contract with its insured so long as another insurer was defending, and no duty to indemnify until the primary coverage was extinguished. *Id.* The Court found a legally protectable interest to satisfy Rule 24(a)(2) because "a finding by this Court that the Citizens policy does not provide coverage for this matter may increase Westfield's financial exposure with respect to liability that may otherwise be shared." *Id.* (quotation marks omitted).

The Northern District is not the only district court in this Circuit to reach a similar conclusion. In the *Lancer Insurance* case relied upon by the Northern District of Georgia, the Middle District of Georgia found that third-party insurance company Amerisure had a sufficient interest in the Lancer Insurance Company insurance contract underlying the declaratory judgment to support its intervention. 2010 WL 2867836, at *2. As that court held, "a finding . . . that the Lancer policy did not cover the truck involved in the [underlying accident] could adversely impact Amerisure's position in the underlying personal injury suit both financially and legally. Such a finding would impact Amerisure's financial exposure with respect to any shared liability with Lancer that may otherwise have arisen in the underlying litigation." *Id.*

Fuji's comparison of its situation, where it is contractually obligated to defend and indemnify TICO, to secondary or excess insurers who may likewise be contractually obligated to defend and indemnify an insured, is compelling. *See* doc. 31 at 3. Like Great American and Westfield in the Northern District cases and Amerisure in the Middle District case, Fuji has a direct, substantial and legally cognizable interest in the outcome of this matter because a finding by this Court that the insurance policies it procured do not provide coverage for TICO in the Underlying Lawsuit may increase Fuji's financial exposure, which is even more prevalent here because Fuji procured the insurance contracts in accordance with the very agreement that contains a provision that it indemnify TICO. *See, e.g.*, *Citizens Ins. Co. of Am.*, 2020 WL 5028322, at *2. Fuji has, therefore, asserted an interest in this declaratory judgment action that satisfies the second element of Rule 24(a)(2).

On the third question, whether Fuji is so situated that disposition of this action, as a practical matter, may impede or impair its ability to protect its interest, the Court is persuaded by the same cases cited above. *See Citizens Ins. Co. of Am.*, 2020 WL 5028322, at *2 ("The Court finds that disposition of this case could impeded Westfield's ability to protect

its interest."); *Lancer Ins. Co.*, 2010 WL 2867836, at *2 ("As such, Amerisure's interest is so situated that without intervention the outcome of the declaratory judgment action could impair or impede Amerisure's ability to protect its interest."); *Berkley Reg'l Special Ins. Co.*, 2018 WL 6167951, at *3 ("Therefore, Great American's intervention in the pending action is required to protect its interest.").

Plaintiffs, in resisting Fuji's intervention attempt, argue it maintains an ability to separately litigate any future contractual indemnity claim by TICO, and therefore does not meet the third criteria. Doc. 27 at 6-7. However, as Fuji articulates in its reply, the resolution of this lawsuit, if Plaintiffs succeed, could remove a defense Fuji might otherwise assert in a separate lawsuit, since the insurance coverage would otherwise satisfy Fuji's obligation under its contract with TICO. Doc. 31 at 5. Fuji also makes clear that it "does not seek to litigate TICO's indemnity claim in this action," but seeks "the preservation of the insurance coverage which gives rise to" a possible defense in any subsequent litigation. *Id.* at 9. This specific issue was not directly decided in the Court's prior Order, since it was not an argument raised by Defendant Munn in the Motion to Add Party. *Id.*; *see also* doc. 23.

Simply put, Fuji is in a different, better, position to articulate how its ability to protect its interest is impaired if it is not permitted to join as a defendant in this lawsuit, and it has compellingly done so. The Court's prior Order does not alter the analysis.

Finally, Fuji has met the final requirement, by meeting the "minimal" burden of "show[ing] that representation of [its] interest may be inadequate." *Chiles*, 865 F.2d at 1214 (internal citations and quotations omitted). Although Plaintiffs are correct that the Court must "presume adequate representation when an existing party seeks the same objectives as the would-be intervenors," that "presumption is weak." *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999). Fuji's reply, which summarizes why its interest is not adequately represented by the existing parties, more than rebuts the weak presumption. *See* doc. 31 at 7. The existing parties, for various reasons, do not have the same incentive as Fuji to defend against Plaintiffs' Petition. The fourth element is, therefore, also satisfied.

Because Fuji meets each of the requirements of Rule 24(a)(2), the Court "must" allow it to intervene. *Chiles*, 865 F.2d at 1213. The Court

need not, therefore, consider whether Fuji is entitled to permissive intervention under Rule 24(b).

## Conclusion

For the forgoing reasons, Non-party Fuji Vegetable Oil, Inc.'s Motion to Intervene is **GRANTED**. Doc. 26. The Clerk is, therefore, **DIRECTED** to docket Fuji's Answer, doc. 31-2, as its responsive pleading in this matter and to update the docket to reflect Fuji Vegetable Oil, Inc. is a party-defendant.

**SO ORDERED**, this 20th day of November, 2025.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA